

# The Attorney General of Texas

November 25, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
District Attorney
Condemnation Section
6th Floor, Records Building
Dallas, Texas 75202

Opinion No. MW-279

Re: Treatment of crippled children under the provisions of article 4419c

Dear Mr. Wade:

On behalf of the Dallas County Hospital District, you have requested our opinion as to whether the Crippled Children's Division of the Texas Department of Health may compensate the hospital district for services rendered to crippled children under article 4419c, V.T.C.S. You advise that compensation is available if a crippled child is treated at a private hospital.

Article 4419c created the Crippled Children's Division and empowered it to procure medical service for children who are eligible under the criteria set forth therein. Section 4 provides that:

> No child shall be entitled to the care and treatment provided in this Act unless the Texas Department of Health determines that every person who has a legal obligation to provide care and treatment for the child is financially unable to provide for said care and treatment.

Section 4A(b) states that:

> A child is not eligible to receive services provided by this Act to the extent that the child or a person who has a legal obligation to support the child is eligible for some other benefit that would pay for the service or part of the service provided by this Act.

"Other benefit" is defined in section 4A(a) as:

> . . .a benefit to which a person is entitled other than a benefit under this Act for payment of the costs of

> medical care and treatment. . . including but not limited to the following:
>
> . . . .
>
> (F) a public program created by federal law, state law, or the ordinances or rules of a municipality or political subdivision of the state. . . .

Hospital districts, which are tax-supported entities, exist pursuant to article IX, section 4 of the Constitution of Texas and the enabling act, article 4494n, V.T.C.S. They are responsible for providing medical and hospital care and treatment to indigent or needy county inhabitants, although they may also admit patients who are financially able to pay for treatment. Attorney General Opinion C-382 (1965). See also Attorney General Opinions H-703 (1975); M-1154 (1972). Section 14 of article 4494n provides that when a patient is admitted to the facilities of a hospital district, the administrator must ascertain the ability of the patient and any relatives who are legally liable for his support to pay for treatment. To the extent that the patient and/or his relatives are unable to bear the expenses involved, "the same shall become a charge upon the Hospital District."

From the foregoing provisions, it is apparent that the total cost of treating a crippled child in a hospital district facility will be borne by the child's relatives and by the district. As we have observed, a child is ineligible for services under article 4419c if anyone with a legal obligation to pay for his treatment is financially able to do so, and he is also ineligible to the extent that he is entitled to some "other benefit" that would pay for such services, including benefits available under "a public program created by. . . state law." V.T.C.S. art. 4419c, §4A(a)(l)(F). If a hospital district is deemed to be such a public program, a crippled child treated in a district facility is ineligible for services under 4419c, because the total cost of his treatment will be assumed by his relatives and/or by the district. It follows, moreover, that if a child is ineligible for services under article 4419c, the Crippled Children's Division may not reimburse the hospital district for services rendered to said child.

When a statutory provision is ambiguous, it is permissible to resort to legislative intent as an aid in construing said provision. Huntsville Ind. School District v. McAdams, 221 S.W. 2d 546 (Tex. 1949). In our opinion, the portions of the statutes quoted above indicate that the legislature clearly intended article 4419c to be used only to assist eligible children who have no alternative means of assuming the costs of treatment. We have noted that hospital districts have a constitutional and statutory duty to assume that portion of the costs of caring for a crippled child which those responsible for the child's support are unable to bear, and we do not think the legislature intended that funds earmarked for children with no outside financial sources may be diverted to reimburse a hospital district for costs which it is obligated by law to assume and which will be covered by taxes levied by the district. We therefore conclude that the term "public program" was intended to include hospital

districts and, accordingly, that the Crippled Children's Division may not, consistent with article 4419c, V.T.C.S., reimburse the Dallas County Hospital District for services rendered to crippled children.

## S U M M A R Y

Article 4419c, V.T.C.S., does not permit the Crippled Children's Division of the Texas Department of Health to reimburse a hospital district for expenses incurred in treating crippled children.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Jon Bible
Rick Gilpin
Barbara Marquardt